# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 17-cv-01595-CMA-MJW

PINON SUN CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation,
INDIAN HARBOR INSURANCE COMPANY, a foreign corporation, and
GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendants.

---

ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation,
INDIAN HARBOR INSURANCE COMPANY, a foreign corporation, and
GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendants and Third-Party Plaintiffs,

v.

CLAIM SOLUTIONS LLC, a Colorado limited liability company,
SCOTT BENGLEN,
SHALZ CONSTRUCTION LLC, a Colorado limited liability company, and
BRADLEY SHALZ,

    Third Party Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL APPRAISAL AND TO STAY PROCEEDINGS PENDING COMPLETION OF APPRAISAL**

This matter is before the Court on Plaintiff Pinon Sun Condominium Association, Inc.'s Motion to Compel Appraisal and to Stay Proceedings Pending Completion of Appraisal. (Doc. # 50.) For the reason described below, the Court denies Plaintiff's Motion to Compel Appraisal and to Stay Proceedings Pending Completion of Appraisal.

## I. BACKGROUND

The following facts are undisputed. Plaintiff is the homeowners association for a multi-family condominium property in Colorado Springs, Colorado, and is organized as a non-profit Colorado corporation. (Doc. # 43 at 2–3.) Plaintiff sought and obtained an insurance policy (the "Policy") from Defendant Great Lakes Insurance, SE ("Defendant Great Lakes") on its property for the period of August 15, 2015, to August 15, 2016. *See* (Doc. # 71-3). Defendant Great Lakes was the primary insurer of the Policy, covering up to $10,000,000.00 for any given incident. (Doc. # 43 at 25.) Defendant Atain Specialty Insurance Company ("Defendant Atain") and Defendant Indian Harbor Insurance Company ("Defendant Indian Harbor") were the excess carriers under the Policy. (*Id.*); *see also* (Doc. # 49 at 2.)

The Policy included coverage for wind and hail losses, subject to a two percent deductible. (Doc. # 43 at 4.) Relevant here, the Policy provided for appraisal if the parties disagreed on the amount of loss (the "Appraisal Provision"):

> If the Named Insured and the Company fail to agree on the amount of loss, each, **upon the written demand either of the Named Insured or of the Company made within 60 days after receipt of proof of loss by the Company**, shall select a competent and disinterested appraiser. . . Then, at a reasonable time and place, the appraisers shall appraise the loss, stating separately the value at the time of loss and the amount of loss. . . An award in writing by any two shall determine the amount of loss. The Named Insured and the Company shall each pay his or its

2

chosen appraiser and shall bear equally the other expenses of the appraisal and of the umpire.

(Doc. # 71-3 at ¶ 26) (emphasis added.)

On July 28, 2016, Plaintiff's property was damaged by a hail and wind storm. (Doc. # 43 at 4.) Plaintiff filed a claim with Defendants shortly thereafter. (*Id*.) The parties have since disputed the cost of repairs and amount of loss. (Doc. # 50 at 3.) At no time during the parties' dispute did any party issue a written demand for appraisal.

Plaintiff filed the underlying action on June 30, 2017, (Doc. # 1), and alleges the following claims: (1) breach of contract against Defendant Great Lakes; (2) breach of contract against Defendant Atain; (3) breach of contract against Defendant Indian Harbor; (4) violation of Colo. Rev. Stat. § 10-3-1115 and relief pursuant to § 10-3-1116 against all Defendants; (5) breach of the covenant of good faith and fair dealing against all Defendants; and (6) violation of the Colorado Consumer Protection Act, § 6-1-101, *et seq.*, against all Defendants (Doc. # 43 at 25–34.)

On October 23, 2017, Plaintiff moved to compel appraisal pursuant to the terms of the Policy and to stay proceedings pending completion of appraisal. (Doc. # 50.) Defendants Atain and Indian Harbor jointly responded in opposition on November 13, 2017. (Doc. # 70.) Defendant Great Lakes responded in opposition on the day. (Doc. # 71.) Plaintiff replied to Defendants' briefs on November 17, 2017. (Doc. # 79.)

Plaintiff's Motion to Compel Arbitration and to Stay Proceedings Pending Completion of Appraisal is therefore ripe for the Court's review.[1]

## II.     LEGAL STANDARDS

Because the Court's jurisdiction over this matter is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the Court applies the substantive law of Colorado.  *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).  Under Colorado law, the interpretation of an insurance contract is a matter of law reserved for the courts.  *Fire Ins. Exch. v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998).  An insurance policy must be enforced as written, unless the policy contains an ambiguity.  *Cary v. United of Omaha Life Ins. Co.*, 108 P.3d 288, 290 (Colo. 2005).  The policy should be construed to give effect of the parties' intent, *id.*, and "[w]henever possible, this intent should be ascertained from the plain language of the policy alone." *Farmers Ins. Exch. v. Anderson*, 260 P.23d 68, 72 (Colo. App. 2010).  Finally, words should be given their plain meaning according to common usage, "and strained constructions should be avoided."  *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 18 (Colo. 1990).

Multiple decisions from this District have found that under Colorado law, an appraisal process like the one at issue in this dispute is properly classified as an arbitration pursuant to the Colorado Uniform Arbitration Act, Colo. Rev. Stat. § 13-22-201, *et seq.* ("CUAA").  *See, e.g.*, *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-014545-RM-KMT, 2015 WL 3619205, *1 (D. Colo. June 10, 2015); *El*

---

[1] Defendants filed counterclaims against Plaintiff and filed third party complaints against others. (Doc. ## 49, 51.)  Two motions to dismiss were subsequently filed.  (Doc. ## 52, 64.)  This procedural history is outside the scope of this Order.

4

*Toledo, LLC v. Sequoia Ins. Co.*, No. 14-cv-01696-RM-KMT, 2015 WL 3457475, *1 (D. Colo. May 29, 2015); *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1103 (D. Colo. 2015). Colorado has a "strong public policy in favor of arbitration." *Braata, Inc. v. Oneida Cold Storage Co., LLP*, 251 P.3d 584, 590 (Colo. App. 2010). For example, the CUAA allows the stay of arbitration proceedings only in limited circumstances, including where "it is apparent from the language of the contract that the claim sought to be arbitrated is clearly beyond the scope of the arbitration clause." *Sopko v. Clear Channel Satellite Serv.*, Inc., 151 P.3d 663, 666 (Colo. App. 2006); *see also El Toledo, LLC*, 2015 WL 3457475 at *1; 15 Couch on Ins. § 209:8 (3d ed. 2017) ("Like the arbitration remedy, appraisal is designed to be consistent with the public policy of discouraging litigation.").

### III.   DISCUSSION

The parties agree that the Appraisal Provision is valid and binding. However, as Defendants assert, Plaintiff failed to timely invoke the Appraisal Provision and therefore is precluded from now requesting appraisal. *See* (Doc. # 70 at 2–4; Doc. # 71 at 3–6.) The Appraisal Provision requires that appraisal proceedings begin "upon the written demand either of the Named Insured or of the Company made **within 60 days after receipt of proof of loss by the Company**." (Doc. # 71-3 at ¶ 26) (emphasis added.) Plaintiff submitted three proofs of loss to Defendants, dated as follows: September 14, 2016; October 6, 2016; and February 10, 2017. (Doc. ## 70-2–70-4.) The most recent proof of loss, dated February 10, 2017, represented Plaintiff's whole loss and was

5

submitted to Defendants as a document in Plaintiff's "claims package."  (Doc. # 50 at 3; Doc. # 71 at 3.)

Because this proof of loss was sent on February 13, 2017, *see* (Doc. # 50 at 3), any written demand for appraisal was due within sixty days—on or before April 14, 2017—under the clear terms of the Appraisal Provision.  It is undisputed that no party timely made a written demand for appraisal.  Rather, Plaintiff filed this lawsuit against Defendants on June 30, 2017, (Doc. # 1) and its Motion to Compel Appraisal on October 23, 2017, (Doc. # 50),—several **months** after the sixty-day window to demand appraisal expired.  As a result, Plaintiff is now time-barred from seeking appraisal under the Policy's terms.

Plaintiff's argument in support of its request for appraisal fails.  Plaintiff contends that it may invoke the Appraisal Provision "at any time before or during litigation" because appraisal provisions are "independent and collateral."  (Doc. # 50 at 5–6.)  Plaintiff characterizes this proposition as supported by "considerable legal consensus."  (*Id*.)  However, **none** of the orders on which Plaintiff relies, such as Denver District Court Judge Eric Elliff's order in *Topaz II at the Mall Condominium Association v. American Family Mutual Insurance Company* (Doc. # 50-10) and Denver District Court Judge Ross Buchanan's order in *Bowles Place LLC v. State Farm Fire and Casualty Company* (Doc. # 50-11), considered an appraisal provision that contained a time limitation.  In contrast, the Appraisal Provision before this Court explicitly and unambiguously requires that a written demand be made within sixty days of Defendants'

receipt of proof of loss. (Doc. # 71-3 at ¶ 26.) Therefore, Plaintiff's assertion that it may invoke the Appraisal Provision at any time is incorrect.

In its reply brief, Plaintiff argues that alternatively, "if the Court finds that the notice requirement must be complied with," the Court "should find that Plaintiff has complied with the [A]ppraisal [P]rovision requirements" because it has filed as an attachment a new proof of loss dated November 2, 2017, *see* (Doc. # 79-10), and its "[Motion to Compel Appraisal] i[s] itself a request for appraisal to the Court and Defendants." (Doc. # 79 at 8.) This alternative argument also fails. Plaintiff filed its Motion to Compel Appraisal on October 23, 2017 (Doc. # 50), approximately two weeks before it signed an allegedly "new" proof of loss statement on November 2, 2017. By moving to compel appraisal before this "new" proof of loss, Plaintiff seemingly attempts to manipulate the Court into ordering appraisal.

Because the Court concludes that appraisal is not warranted under these facts and circumstances, it need not reach Plaintiff's request for a stay pending completion of appraisal proceedings. *See* (Doc. # 50 at 7–11.)

## IV.     CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Compel Appraisal and to Stay Proceedings Pending Completion of Appraisal (Doc. # 50) is DENIED.

DATED:  January 30, 2018

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge