# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 17-cv-01595-CMA-NRN

PINON SUN CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation,

    Plaintiff and Counter Defendant,

v.

ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation,
INDIAN HARBOR INSURANCE COMPANY, a foreign corporation, and
GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendants and Counterclaimants.

---

ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation,
INDIAN HARBOR INSURANCE COMPANY, a foreign corporation, and
GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendants and Third-Party Plaintiffs,

v.

CLAIM SOLUTIONS LLC, a Colorado limited liability company,
SCOTT BENGLEN,
SHALZ CONSTRUCTION LLC, a Colorado limited liability company, and
BRADLEY SHALZ,

    Third Party Defendants.

---

## ORDER DENYING PLAINTIFF'S AND CERTAIN THIRD-PARTY DEFENDANTS' MOTION FOR BIFURCATION AND STAY

This matter is before the Court on Plaintiff Pinon Sun Condominium Association, Inc.'s and Third-Party Defendants Claim Solutions LLC and Scott Benglen's joint Motion for Bifurcation and Stay of Plaintiff Pinon Sun's Separated Action Against Defendants and Third-Party Plaintiffs. (Doc. # 126.) The Court denies the Motion for Bifurcation and Stay for the reasons identified below.

## I.     BACKGROUND

Movants' request requires the Court to address the multifarious parties and claims tangled together in this action, some of which the Court identified in its Order Denying the Motion to Compel Appraisal. *See* (Doc. # 111.)

Plaintiff Pinon Sun Condominium Association, Inc. ("Plaintiff Pinon Sun"), is the homeowners' association for a multi-family condominium property in Colorado Springs, Colorado, and is organized as a non-profit Colorado corporation. (Doc. # 43 at 2–3.) Plaintiff sought and obtained an insurance policy (the "Policy") from Defendant Great Lakes Insurance, SE ("Defendant Great Lakes") on its property for the period of August 15, 2015, to August 15, 2016. *See* (Doc. # 71-3). Defendant Great Lakes was the primary insurer of the Policy, covering up to $10,000,000.00 for any given incident. (Doc. # 43 at 25.) Defendant Atain Specialty Insurance Company ("Defendant Atain") and Defendant Indian Harbor Insurance Company ("Defendant Indian Harbor") were the excess carriers under the Policy. (*Id.*); *see also* (Doc. # 49 at 2.)

Plaintiff Pinon Sun filed a claim under the Policy after its properties allegedly sustained hail and wind damage on July 28, 2016. (Doc. # 43 at 4.) Plaintiff Pinon Sun retained Third-Party Defendant Claim Solutions LLC as its public adjuster during the

2

claims process (Doc. # 49 at 8); Third Party Defendant Scott Benglen is the managing partner of Claim Solutions LLC (together, "Third-Party Defendant Claim Solutions") (Doc. # 43 at 2). Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions engaged in a year-long dispute with Defendant Great Lakes over the value of Plaintiff Pinon Sun's alleged damage and the cost of allegedly necessary repairs. *See, e.g.*, (*id.* at 4–25.) At some point over the course of that year, Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions hired Third-Party Defendant Shalz Construction LLC, managed by Third-Party Defendant Bradley Shalz (together, "Third-Party Defendant Shalz"), to repair the roofs of Plaintiff Pinon Sun's properties. *See* (*id.* at 15; Doc. # 49 at 15.) The estimates for and invoices from Third-Party Defendant Shalz's work were central to Defendant Great Lake's claim investigation and dispute with Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions. *See* (Doc. # 43 at 4–25.)

Plaintiff Pinon Sun initiated this action on June 30, 2017 (Doc. # 1), and filed the operative Complaint against Defendant Great Lakes, Defendant Atain, and Defendant Indian Harbor on September 25, 2017 (Doc. # 43). Plaintiff Pinon Sun asserts the following claims:

1. Breach of contract, against Defendant Great Lakes;
2. Breach of contract, against Defendant Atain;
3. Breach of contract, against Defendant Indian Harbor;
4. Violation of Colo. Rev. Stat. §§ 10-3-1115, -1116, for unreasonable delay or denial of payment of a claim for benefits, against all Defendants;
5. Breach of the covenant of good faith and fair dealing, against all Defendants; and
6. Violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq., against all Defendants;

(*Id.* at 25–34.) Plaintiff Pinon Sun seeks monetary damages under these claims, as well as reasonable attorneys' fees and costs. (*Id.* at 34.)

Defendant Great Lakes answered the Complaint on October 17, 2017, and therein asserts counterclaims and third-party claims against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz:

1. Breach of contract, against Plaintiff Pinon Sun;

2. Fraud and misrepresentation; against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

3. Insurance fraud, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

4. Civil conspiracy, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

5. Civil theft, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

6. Violation of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-104, et seq., against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

7. Violation of the federal Racketeer Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. § 1962, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz; and

8. A claim for declaratory judgment resolving the parties' contractual issues and declaring that the actions of Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz "during the claim process" "constitute fraud, misrepresentation and concealment."

(Doc. # 49 at 14–21.) Defendant Atain and Defendant Indian Harbor jointly answered Plaintiff Pinon Sun's Complaint on October 21, 2017, and asserts the same eight counterclaims and third-party claims as Defendant Great Lakes against Plaintiff Pinon

Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz. (Doc. # 51.)

Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz together moved to dismiss Defendants' counterclaims and third-party claims against them on October 31, 2017, and November 7, 2017. (Doc. ## 52, 64.) On June 29, 2018, United States Magistrate Judge Michael J. Watanabe recommended that the Motions to Dismiss be denied in part as to Defendants' Claims 2, 3, 4, 5, and 8, and granted in part as to Defendants' Claims 6 and 7, the COCCA and RICO claims. (Doc. # 167.) No party objected to the Magistrate Judge's Recommendation, and this Court affirmed and adopted the Recommendation on July 18, 2018. (Doc. # 174.) Accordingly, Defendants' Claims 6 and 7, their COCCA and RICO claims, were dismissed. (*Id.*)

Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions (together, "Movants") filed the Motion for Bifurcation and Stay presently before the Court on April 20, 2018 (Doc. # 126), before the Court had dismissed Defendants' COCCA and RICO claims. Movants request that the Court bifurcate this matter into two trials: a first "trial on the issues regarding fraud" that Defendants assert in their counterclaims and third-party claims, and a subsequent, "second trial on the issues of breach [of contract], bad faith, unreasonable delay and denial, [and] . . . violation of the CCPA" that Plaintiff Pinon Sun asserts in its Complaint. (*Id.* at 4.) Movants also request "that the Court stay the proceedings of issues related to the second trial regarding Pinon Sun's claims." (*Id.*)

All other parties to this action oppose bifurcation into two trials and a stay of any second trial. On May 11, 2018, Defendant Atain and Defendant Indian Harbor jointly filed a Response in opposition to the Motion (Doc. # 133), as did Defendant Great Lakes (Doc. # 134) and Third-Party Defendant Shalz (Doc. # 135). Movants replied to Defendant Atain and Defendant Indian Harbor's joint Response on May 24, 2018 (Doc. # 142), to Defendant Great Lakes' Response on June 7, 2018 (Doc. # 155), and to Third-Party Defendant Shalz's Response on June 8, 2018 (Doc. # 156).

## II. APPLICABLE STANDARDS OF REVIEW

"It is axiomatic that the trial court has considerable discretion in determining a how trial is to be conducted." *Blair v. Eagle-Picker Indus., Inc.*, 962 F,2d 1492, 1500 (10th Cir. 1992), *cert. denied*, 506 U.S. 974 (1992). In the matter presently before the Court, Movants request that the Court employ its powers to order separate trials and to stay proceedings. (Doc. # 126.)

### A. BIFURCATION

A trial court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" to promote "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under Federal Rule of Civil Procedure 42(b), the court has "broad discretion" in deciding whether to bifurcate or separate issues for trial to achieve these aims.[1] *Easton v. City of Boulder, Colo.*, 776

---

[1] In 1980, the United States District Court for the District of Colorado identified ten considerations weighed by a trial court in determining whether to order separate trials:
    1. Will separate trials be conducive to expedition of the litigation and economy?
    2. Will separate trials be in furtherance of convenience to the parties and avoid prejudice?

F.2d 1441, 1447 (10th Cir. 1985); *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). Exercise of the trial court's discretion will be set aside only if clearly abused, *Easton*, 776 F.2d at 1447, which may occur where bifurcation "is unfair or prejudicial to a party," *Angelo v. Armstrong World. Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

Nonetheless, despite the trial court's broad discretion to bifurcate issues for trial, "separate trials of claims properly joined is not the usual course." *TBG, Inc. v. Bendis*, 160 F.R.D. 621, 622 (D. Kan. 1995) (quoting *Comeau v. Rupp*, 810 F. Supp. 1127, 1167 (D. Kan. 1992)); *see also The Marianist Province of the U.S., Inc., v. ACE USA*, No. 09-cv-01760-WYD-MEH, 2010 WL 2681760, *1 (D. Colo. July 2, 2010) (observing that although the trial court has discretion to bifurcate or separate issues for trial, "that does not mean that severance is the norm or even a common occurrence"). More specifically, if "'the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues in the cases, or if any saving in time and expense is wholly speculative,' separate trials are usually denied."

---

3. Are the issues sought to be tried separately significantly different?
4. Are the issues triable by jury or by the court?
5. Has discovery been directed to single trial of all issues or separate trials?
6. Will substantially different witnesses and evidence be required if issues are tried separately?
7. Will a party opposing severance be significantly prejudiced if it is granted?
8. Will an unfair advantage be afforded to a party if bifurcation is granted?
9. Will management of trial, delineation of issues, and clarity of factual questions be substantially enhanced by bifurcation?
10. Will bifurcation assist efficient judicial administration of the case?

*Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980); *see* (Doc. # 134 at 3.) The parties have not cited, nor has this Court independently found, any cases from this jurisdiction explicitly identifying or applying those considerations since *Martin*. The Court therefore declines to explicitly apply each of these considerations to the case presently before it.

*Meeper, LLC v. Lester*, No. 12-cv-01732-WYD-KMT, 2013 WL 1687683, *1 (D. Colo. April 18, 2013) (quoting 9A Charles A. Wright et al., *Federal Practice & Procedure* § 2388).

Any party may move for a separate trial under Rule 42(b). 9A Charles A. Wright et al., *Federal Practice & Procedure* § 2388 (3d ed. 2018); *see Henan Oil Tools, Inc. v. Eng'g Enter. Inc.*, 262 F. Supp. 2d 629, 630 (S.D. Tex. 1966). "The burden is on the movant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties." *Hoffman v. Ford Motor Co.*, No. 07-cv-00081-REB-CBS, 2009 WL 763356, *1 (D. Colo. Mar. 16, 2009) (quoting *Patten v. Lederle Lab.*, 676 F. Supp. 233, 238 (D. Utah 1987)).

**B.    STAY OF PROCEEDINGS**

"[T]he power to stay proceedings in incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In assessing the propriety of a stay, "a district court should consider: whether the [movants] are likely to prevail in the related proceeding; whether, absent a stay, the [movants] will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

## III. ANALYSIS

In light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties, *Hoffman*, 2009 WL 763356 at *1, and after considering Movants' prophecies of facing inefficiencies and prejudices in a trial on all of the issues, the Court concludes that bifurcation is not warranted under Rule 42(b).

### A. BIFURCATION WILL NOT PRESERVE THE COURT'S TIME, NOR WILL IT SAVE THE PARTIES' EFFORTS AND EXPENSES, AS ALL ISSUES ARE NOT SEPARABLE AND INVOLVE SUBSTANTIALLY THE SAME FACTS AND WITNESSES

Movants argue that bifurcation is appropriate because Defendants' allegations of fraud in their counterclaims and third-party claims against Movants and Third-Party Defendant Shalz are separable from Plaintiff Pinon Sun's allegations of breach of contract, bad faith, and unreasonable delay and denial in its claims against Defendants. (Doc. # 126 at 4.) Movants explain that the various issues are separable into two trials because the claims "have completely different elements of proof and require separate legal arguments." (*Id*. at 6.) They further argue that bifurcation would promote expediency and conserve resources because the outcome of their proposed first trial, on Defendants' allegations of fraud, "would determine if [Plaintiff] Pinon Sun's claims need to be tried or heard by the Court." (*Id.* at 7–8.) The Court is not persuaded.

First, bifurcation is improper where, as in this matter, "the issues are not separable." *Angelo*, 11 F.3d at 964. The various contractual questions presented by the claims, counterclaims, and third-party claims are but one example of how the issues in this matter are inseparable. Plaintiff Pinon Sun asserts breach of contract by Defendants, arguing that Defendants failed to timely pay insurance benefits due under

9

the Policy. (Doc. # 43 at 25–26.) Similarly, in their counterclaims, Defendants Atain and Indian Harbor seek declaratory judgment "that they do not owe any additional payments to [Plaintiff] Pinon Sun related to the claim at issue." (Doc. # 51 at 32.) Resolution of Plaintiff Pinon Sun's breach of contract claim and of Defendants Atain and Indian Harbor's request for declaratory judgment will require consideration of the same evidence, including, as Defendant Great Lakes observes, "[e]vidence of coverages provided by the insurance policy," "[e]vidence of the variety . . . of claims submitted on behalf of [Plaintiff] Pinon Sun," and "[e]vidence of the timing and amount of payments [Defendants] made for the loss." (Doc. # 134 at 4–5.)

Movants counter that "the mere overlap of facts or witness testimony" between issues does not mean that the issues cannot be separated, relying on *Angelo*, 11 F.3d at 965. (Doc. # 155 at 5.) The Tenth Circuit held in *Angelo* that the district court did not abuse its discretion in ordering in an asbestos personal injury dispute a "reverse bifurcation format," in which "damages, causation, and presence of disease [were] tried in a first phase, then liability and punitive damages [were] tried in a second phase." 11 F.3d at 959, 965. Regarding separability, the Tenth Circuit concluded that the issues of liability and damages were "clearly separable":

> Although the same witnesses may testify in both phases, the issues and testimony are different. The first phase considers only whether the plaintiff has a disease that was caused by asbestos, and what damages the plaintiff suffered as a result. The evidence therefore concentrates on the plaintiff's health history, the extent of his exposure to asbestos, the possible causes of his illness, and the losses he has suffered from his illness. The second phase, on the other hand, concentrates on what warnings the defendants should have given in light of the "state of the art" and whether the products to which the plaintiff was exposed were the defendants'. Punitive damages are also decided in the second phase, because they also focus on the

10

> defendants' conduct. The only potential overlap is proving in phase one what the plaintiff was exposed to and in phase two which of those products were produced, sold, or distributed by the defendants. Even then, however, they are clearly two separate issues, although the same witnesses may sometimes testify on both. We therefore conclude that the issues were clearly separable.

*Id.* at 965.

The Tenth Circuit's sanctioning of bifurcation in *Angelo* does not move this Court, as *Angelo* concerned "massive product liability litigation," where courts "have often used bifurcation" and "commonly [have] used reverse bifurcation in asbestos cases." *Id*. at 964; *see also Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658–59 (D. Colo. 1980) ("the most common example of bifurcation occurs in the separate trial of the issues of liability and damages in personal injury actions"); 9A Charles A. Wright et al., *Federal Practice & Procedure* § 2390 (3d ed. 2018) ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b)."). *Angelo* is therefore easily distinguished from the matter presently before this Court, as Plaintiff Pinon Sun's claims and Defendants' counterclaims and third-party claims do not concern liability for and damages from personal injury. The Court agrees with Defendants that *Angelo* does not necessitate bifurcation in this case. *See* (Doc. # 133 at 6; Doc. # 134 at 6.)

Second, as to Movants' argument that two separate trials—where the outcome of the first trial may obviate the need for the second trial—"would be more convenient and be conductive [sic] to expedition and economy," Movants explain that "[i]f Defendants convince a jury that [their] allegations [of fraud and conspiracy] against [Plaintiff] Pinon Sun are true, the [Plaintiff] Pinon Sun cannot recover" on its breach of contract, bad faith, and related claims against Defendants "because the benefits under the insurance

11

contract would be voided." (Doc. # 126 at 7–8.) Movants' contention strongly resembles the argument made by the defendant seeking bifurcation and squarely rejected by the Court in *The Marianist Province*, 2010 WL 2681760, *1–2, as Defendant Great Lakes observes. *See* (Doc. # 134 at 6–7.) In *The Marianist Province*, the plaintiff filed breach of contract and bad faith claims against its insurer for allegedly failing to defend and indemnify it in a separate lawsuit. 2010 WL 2681760 at *1. The defendant, the insurer, asserted a counterclaim for declaratory relief, requesting a declaration that the policies at issue did not provide coverage. *Id*. The defendant sought bifurcated trials on the plaintiff's breach of contract claim and remaining extra-contractual claims pursuant to Rule 42(b). *Id*. The defendant's "primary argument in favor of bifurcation," according to the Court, was "that a separate trial on [the plaintiff's] contract claim may negate the need for a trial on [the plaintiff's] extra-contractual bad faith claims, assuming [the defendant] prevails on its . . . counterclaim." *Id.* at *2. The Court rejected this argument and denied the defendant's request for two separate trials because it determined the issues were inseparable:

> Here, Plaintiff's breach of contract and its bad faith claims are based on the same underlying conduct including whether [the defendant] delayed payment of defense costs, whether [the defendant] improperly required Plaintiff to contribute to settlement of the Colorado Lawsuit; whether [the defendant] acted improperly during the mediation.
>     I agree with Plaintiff that the evidence and testimony relevant to the breach of contract claim is intertwined with the evidence and testimony required to evaluate whether [the defendant] acted in bad faith. Therefore, I find that a completely separate trial on Plaintiffs breach of contract claim would result in unwarranted duplication of evidence and would not be economical or convenient for the Court or the parties.

*Id*. The Court's rationale for rejecting the defendant's primary argument in *The Marianist Province* applies also to Movants' argument in the matter presently before the Court; the issues there, like the issues in this matter, were inseparable. The Court therefore rejects Movants' argument that two separate trials would be more convenient and would preserve the Court's and the parties' resources.

**B.    A SINGLE TRIAL ON ALL ISSUES NEED NOT PREJUDICE MOVANTS**

Movants also argue that Plaintiff Pinon Sun "will be prejudiced by a single trial on all claims and counterclaims" and that bifurcation is therefore proper. (Doc. # 126 at 6–7.) They explain that in a single trial on all issues, Plaintiff Pinon Sun "would have to defend claims of fraud and conspiracy against Defendants while at the same assert its claims of bad faith and unreasonable delay and denial in front of the same jury." (*Id.* at 6.) Movants predict:

> The jury would be biased against [Plaintiff] Pinon Sun and its bad faith and unreasonable delay/denial action because the jury might improperly conclude that there could be no unreasonable conduct on behalf of **any** insurer when an insurer believes its insured is attempting to commit a fraudulent insurance act. That conclusion would be contrary to Colorado law as "[a]n allegation of a fraudulent insurance act shall not excuse an insurance company from its duty to promptly investigate a claim."

(*Id*. at 6–7) (quoting Colo. Rev. Stat. § 10-1-128(3)). Movants assert that bifurcation will remove any "taint of unfair prejudice caused by Defendants' allegations of fraud and conspiracy." (*Id.* at 7.)

The Court rejects this argument. To the extent that Plaintiff Pinon Sun may be prejudiced by conflating issues, "such prejudice can be mitigated through the jury instructions and the verdict form." *Precision Fitness Equip. of Pompano Beach, Inc. v.*

*Nautilus, Inc.*, No. 08-cv-01228-CMA-KLM, 2010 WL 4054086, *3 (D. Colo. Oct. 14, 2010). "[T]he mere possibility of some prejudice does not justify separate trials where such prejudice is not substantial and there are strong countervailing considerations of economy. Courts recognize that where the degree is potential prejudice is not compelling, the trial judge can often mitigate the suggested prejudice through appropriate jury instructions and other devices." *Tri-R Sys., Ltd. v. Friedman & Son, Inc.*, 94 F.R.D. 726, 728 (D. Colo. 1982) (citing, e.g., *Grisson v. Union Pac. R. Co.*, 14 F.R.D. 263, 265 (D. Colo. 1953)); *see also Sterling Const. Mgmt., LLC v. Steadfast Ins. Co.*, 280 F.R.D. 576, 581 (D. Colo. 2011) ("Clear instruction by the Court and clear presentations by counsel should enable jurors to understand the two sets of issues"); *Snorkel Int'l, Inc. v. Universal Equip., Inc.*, No. 08-2270-CM, 2010 WL 2427414, *2 (D. Kan. June 11, 2010) ("The court is also confident that it can avoid any potential juror confusion by appropriately instructing the jury at the time of the trial"). In fact, Movants' own argument, quoting Colo. Rev. Stat. § 10-1-128(3), suggests an adequate instruction for the jury: "An allegation of a fraudulent insurance act shall not excuse an insurance company from its duty to promptly investigate a claim." (Doc. # 126 at 7.)

For these reasons, the Court concludes that bifurcation of the issues pursuant to Rule 42(b) will not promote "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court denies Movants' request for separate trials, and accordingly, it need not address Movants' request for a stay of their proposed second trial. *See* (Doc. # 126 at 8–9.)

## C. CONCLUSION

For these reasons, the Court DENIES Plaintiff Pinon Sun Condominium Association, Inc.'s and Third-Party Defendants Claim Solutions LLC and Scott Benglen's joint Motion for Bifurcation and Stay of Plaintiff Pinon Sun's Separated Action Against Defendants and Third-Party Plaintiffs (Doc. # 126).

DATED: October 26, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge