IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01595-CMA-NRN

PINON SUN CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation,

    Plaintiff and Counter Defendant,

v.

ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation,
INDIAN HARBOR INSURANCE COMPANY, a foreign corporation, and
GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendants.

---

GREAT LAKES INSURANCE, SE, *f/k/a* Great Lakes Reinsurance UK, Plc, a foreign corporation,

    Defendant and Third-Party Plaintiff,

v.

PINON SUN CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation.
CLAIM SOLUTIONS LLC, a Colorado limited liability company,
SCOTT BENGLEN,
SHALZ CONSTRUCTION LLC, a Colorado limited liability company, and
BRADLEY SHALZ,

    Third Party Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE JANUARY 9, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING JOINT MOTION TO AMEND ANSWER TO ADD COUNTERCLAIMS AGAINST DEFENDANTS**

This matter is before the Court upon the January 9, 2019 Recommendation by United States Magistrate Judge N. Reid Neureiter that the Court deny Plaintiff Pinon Sun Condominium Association, Inc. ("Plaintiff Pinon Sun") and Third-Party Defendants Claim Solutions LLC and Scott Benglen's (together, "Third Party Defendant Claim Solutions") Joint Motion to Amend their Answer to Add Counterclaims Against Defendants (Doc. # 190). (Doc. # 237.) Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions (for purposes of this Order, "Movants") filed a joint Objection to the Recommendation (Doc. # 238), which, for the reasons described herein, the Court overrules. The Court affirms and adopts Magistrate Judge Neureiter's Recommendation and denies Movants' Joint Motion to Amend Answer to Add Counterclaims Against Defendants.

## I. **BACKGROUND**

Magistrate Judge Neureiter's Recommendation (Doc. # 237) and this Court's previous Order Denying Plaintiff's and Certain Third-Party Defendants' Motion for Bifurcation and Stay (Doc. # 189) thoroughly recite the factual and procedural background of this convoluted dispute and are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Movants' Objection.

Plaintiff Pinon Sun is the homeowners' association for a multi-family condominium property in Colorado Springs, Colorado, and is organized as a non-profit Colorado corporation. (Doc. # 43 at 2–3.) It sought and obtained an insurance policy (the "Policy") from Defendant Great Lakes Insurance, SE ("Defendant Great Lakes") on

2

its property for the period of August 15, 2015, to August 15, 2016.  *See* (Doc. # 71-3).  Defendant Great Lakes was the primary insurer of the Policy, covering up to $10,000,000.00 for any given incident.  (Doc. # 43 at 25.)  Defendant Atain Specialty Insurance Company ("Defendant Atain") and Defendant Indian Harbor Insurance Company ("Defendant Indian Harbor") were the excess carriers under the Policy.  (*Id.*); *see also* (Doc. # 49 at 2.)

Plaintiff Pinon Sun filed a claim under the Policy after its properties allegedly sustained hail and wind damage on July 28, 2016.  (Doc. # 43 at 4.)  Plaintiff Pinon Sun retained Third-Party Defendant Claim Solutions LLC as its public adjuster during the claims process (Doc. # 49 at 8); Third Party Defendant Scott Benglen is the managing partner of Claim Solutions LLC (Doc. # 43 at 2).  Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions engaged in a year-long dispute with Defendant Great Lakes over the value of Plaintiff Pinon Sun's alleged damage and the cost of allegedly necessary repairs.  *See, e.g.*, (*id.* at 4–25.)  At some point over the course of that year, Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions hired Third-Party Defendant Shalz Construction LLC, managed by Third-Party Defendant Bradley Shalz (together, "Third-Party Defendant Shalz"), to repair the roofs of Plaintiff Pinon Sun's properties.  *See* (*id.* at 15; Doc. # 49 at 15.)  The estimates for and invoices from Third-Party Defendant Shalz's work were central to Defendant Great Lake's claim investigation and dispute with Plaintiff Pinon Sun and Third-Party Defendant Claim Solutions.  *See* (Doc. # 43 at 4–25.)

Plaintiff Pinon Sun initiated this action on June 30, 2017 (Doc. # 1), and filed the operative Complaint against Defendant Great Lakes, Defendant Atain, and Defendant Indian Harbor on September 25, 2017 (Doc. # 43).  Plaintiff Pinon Sun asserts the following claims:

1. Breach of contract, against Defendant Great Lakes;

2. Breach of contract, against Defendant Atain;

3. Breach of contract, against Defendant Indian Harbor;

4. Violation of Colo. Rev. Stat. §§ 10-3-1115, -1116, for unreasonable delay or denial of payment of a claim for benefits, against Defendant Great Lakes;

5. Breach of the covenant of good faith and fair dealing, against Defendant Great Lakes; and

6. Violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq., against Defendant Great Lakes;

(*Id.* at 25–34; Doc. # 234 at 2.)

Defendant Great Lakes answered the Complaint on October 17, 2017, and therein asserted counterclaims and third-party claims against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz:

1. Breach of contract, against Plaintiff Pinon Sun;

2. Fraud and misrepresentation; against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

3. Insurance fraud, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

4. Civil conspiracy, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

5. Civil theft, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

6. Violation of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-104, et seq., against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz;

7. Violation of the federal Racketeer Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. § 1962, against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz; and

8. A claim for declaratory judgment resolving the parties' contractual issues and declaring that the actions of Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz "during the claim process" "constitute fraud, misrepresentation and concealment."

(Doc. # 49 at 14–21.) Defendant Atain and Defendant Indian Harbor jointly answered Plaintiff Pinon Sun's Complaint on October 21, 2017, and asserted the same eight counterclaims and third-party claims as Defendant Great Lakes against Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz. (Doc. # 51.)

Plaintiff Pinon Sun, Third-Party Defendant Claim Solutions, and Third-Party Defendant Shalz together moved to dismiss Defendants' counterclaims and third-party claims against them on October 31, 2017, and November 7, 2017. (Doc. ## 52, 64.) On June 29, 2018, United States Magistrate Judge Michael J. Watanabe recommended that Defendants' Claims 6 and 7, the COCCA and RICO claims, be dismissed. (Doc. # 167.) No party objected to the Magistrate Judge's Recommendation, and this Court affirmed and adopted the Recommendation on July 18, 2018. (Doc. # 174.) Accordingly, Defendants' Claims 6 and 7, their COCCA and RICO claims, were dismissed. (*Id.*)

On October 31, 2018, Movants filed the instant Joint Motion to Amend Answer to Add Counterclaims Against Defendants. (Doc. # 190.) Movants request that the Court

5

grant them leave pursuant to Federal Rule of Civil Procedure 15(a) to amend their Answers (Doc. ## 76, 77) to add two claims against all Defendants: (1) a claim for abuse of process, and (2) a claim of malicious prosecution. (Doc. # 190 at 2.) They assert that Defendants filed counterclaims and third-party claims against them, including the now-dismissed COCCA and RICO claims, "for the improper purpose of attempting to sow discord amongst Movants and to retaliate for the filing of the instant suit." (*Id.*) Defendant Great Lakes responded in opposition to Movants' joint request on November 21, 2018 (Doc. # 211), to which Movants replied on December 7, 2018 (Doc. # 223).

Defendant Atain and Defendant Indian Harbor subsequently withdrew all of their remaining counterclaims and third-party claims. *See* (Doc. ## 225, 228, 230, 234.) The Court presumes that Movants no longer seek to assert claims of abuse of process and of malicious prosecution against Defendant Atain and Defendant Indian Harbor.[1] *See* (Doc. # 238).

Magistrate Judge Neureiter heard oral argument on Movants' Joint Motion to Amend Answer to Add Counterclaims Against Defendants on December 14, 2018. *See* (Doc. # 227.) Pursuant to the Magistrate Judge's order, *see* (*id.* at 2), Movants and Defendant Great Lake filed supplemental briefing on December 21, 2018. (Doc. ## 231, 232.)

---

[1] Though the Joint Motion to Amend Answer to Add Counterclaims Against Defendants explicitly seeks to assert two counterclaims against all Defendants, it was filed before Defendant Atain and Defendant Indian Harbor withdrew their counterclaims and third-party claims against Movants. *See* (Doc. ## 190, 230.) Since Defendants Atain and Indian Harbor withdrew those claims, Movants no longer mention Defendants Atain and Indian Harbor in their filings about their request to add claims of abuse of process and malicious prosecution. Movants focus solely on Defendant Great Lakes in their Objection to the Recommendation. *See* (Doc. # 238.)

Magistrate Judge Neureiter issued the Recommendation on Movants' Joint Motion to Amend Answer to Add Counterclaims Against Defendants on January 9, 2019. (Doc. # 237.) As the Court details below, he recommended that the Court deny Movants leave to amend their Answers to assert claims of abuse of process and malicious prosecution against Defendant Great Lakes because he concluded that such amendments would be futile. *See* (*id.* at 22.)

Movants filed an Objection to the Recommendation on January 21, 2019. (Doc. # 238.) Defendant Great Lakes filed a Response to the Objection, in support of the Recommendation, shortly thereafter. (Doc. # 247.)

## II. RELEVANT LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1)(C). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

However, when the recommendation concerns a non-dispositive motion, the Court must review the recommendation under a "clearly erroneous or contrary to law"

standard of review under Rule 72(a). *See also* 28 U.S.C. § 636(b)(1)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)).

As noted above, Magistrate Judge Neureiter issued a Recommendation that Movants' Joint Motion to Amend Answer to Add Counterclaims Against Defendants, which suggests that de novo review is required. (Doc. # 237.) Defendant Great Lakes implies that this is not the proper standard of review, stating that a magistrate judge's ruling on a motion for leave to amend a pleading is "a nondispositive ruling subject to review under clearly erroneous or contrary to law standard." (Doc. # 247 at 2.)

While there is some confusion over whether a motion to amend is dispositive or nondispositive, the Court declines to resolve the matter here. *See Gordanier v. Montezuma Water Co.*, No. 08-cv-01849, 2010 WL 935665, *1 (D. Colo. Mar. 11, 2010) (citing *Brown v. Nagem*, No. 05-cv-01408, 2006 WL 2154421, *1 (D. Colo. July 28, 2006)). Even reviewing the Recommendation de novo, the Court agrees with Magistrate Judge Neureiter's analysis.

## B.     AMENDING A PLEADING

Rule 15(a)(2) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). The Rule directs a trial court to "freely give leave when justice so requires," a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe*

8

*Corp.* , 691 F.2d 449, 456 (10th Cir. 1982)).  However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of the amendment**, etc.—the leave sought" need not be granted.  *Id.* at 1204 (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "The grant or denial of an opportunity to amend is within the discretion" of the trial court.  *Foman*, 371 U.S. at 182.

### III.    ANALYSIS

Magistrate Judge Neureiter found "that there was no undue delay, bad faith, or dilatory motive" behind Movants' request for leave to add claims of abuse of process and malicious prosecution against Defendant Great Lakes.  (Doc. # 237 at 4.)  He determined at the outset of his analysis that "[t]he only reason for denying amendment would be futility" and thus proceeded to examine "whether these two discrete claims [for abuse of process and malicious prosecution], as pled, could survive a motion to dismiss under the Rule 12(b)(6) standard."  (*Id*. at 4–5.)

Neither Movants nor Defendant Great Lakes take issue with Magistrate Judge Neureiter's determination that there was no undue delay, bad faith, or dilatory motive.  *See generally* (Doc. ## 238, 247.)  They only dispute the futility of Movants' requested amendment.  *See* (*id.*)  Accordingly, the Court limits its de novo review to the futility of Movants' proposed amendment to add claims for abuse of process and malicious prosecution against Defendant Great Lakes.

As the Court stated above, "[a] district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal," *id.* (quoting *Lind*, 466 F.3d at 1199)—that is, "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim," *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). Accordingly, the Court must apply the standard for a motion to dismiss for failure to state a claim upon which relief can be granted. *See Dockery v. Unified Sch. Dist. No. 231*, 406 F. Supp. 2d 1219, 1224 (D. Kan. 2006) (applying the standard for a Rule 12(b)(6) motion to dismiss to the plaintiff's motion to amend).

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### A. ABUSE OF PROCESS CLAIM

Under Colorado law, a valid abuse of process claim must allege three elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a

11

legal proceeding in an improper manner; and (3) resulting damage. *Active Release Techniques, LLC v. Xtomic, LLC*, 2017 COA 14, ¶ 6 (quoting *Mackall v. JPMorgan Chase Bank, N.A.*, 2014 COA 120, ¶ 39), *reh'g denied* (Mar. 9, 2016), *cert. denied*, No. 17SC245, 2017 WL 3016420 (Colo. July 3, 2017).

The second element—"an improper **use** of the process"—is "[t]he essential element of an abuse of process claim." *Id.* (citing *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011)); *see also James H. Moore & Assoc. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). The Colorado Court of Appeals has explained:

> Thus, although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the use of the process, it still must be established that, viewed objectively, there was an improper **use** of the process. Classic examples of the requisite improper use include the use of process to accomplish a coercive goal which is not the intended legal purpose of the process.

*James H. Moore & Assocs. Realty, Inc.*, 892 P.2d at 373 (citing *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897 (1973); *Scozari v. Barone*, 546 So.2d 750 (Fl. Ct. App. 1989)). Expanding on this element, the Court of Appeals for the Tenth Circuit quoted from a treatise:

> The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1118 (10th Cir. 2009) (quoting W. Page Keeton et al., *Prosser and Keeton on Torts* § 121, at 898 (5th ed. 1984)).

Upon de novo review, the Court affirms the Magistrate Judge's conclusion that "Movants allege no improper use of the legal process" and thus do not sufficiently allege the second and essential element of an abuse of process claim against Defendant Great Lakes.  *See* (Doc. # 237 at 17.)  Movants allege in their proposed abuse of process claim that "Defendant Great Lakes' Counterclaims" (its "COCCA, RICO, fraud, and civil theft counterclaims") were "brought with the improper purpose of sowing discord amongst Plaintiff [Pinon Sun] and [T]hird-[P]arty [D]efendants, . . . allowing Defendant Great Lakes to continue to adjust the claim, . . . [and] forcing Plaintiff [Pinon Sun] to relinquish its lawsuit and to intimidate Plaintiff [Pinon Sun] to allow Defendant Great Lakes to adjust the insurance claim."  (Doc. # 231-1 at 6; Doc. # 190-22 at 6.)  These allegedly improper purposes do not demonstrate that Defendant Great Lakes had coercive goals that were different than the legal purpose of the claims it asserted against Movants.  Rather, as Magistrate Judge Neureiter stated, "[t]hese are the kinds of consequences that are incidental and intrinsic to litigation."  (Doc. # 237 at 14.)  Because Movants fail to plead facts which show that Defendant Great Lakes asserted its COCCA and RICO claims against them "primarily to accomplish a purpose that the proceeding was not designed to achieve," *see Yadon v. Lowry*, 136 P.2d 332, 337 (Colo. App. 2005), they fail to allege a cause of action for abuse of process.  And because Movants' contemplated abuse of process claim against Defendant Great Lakes cannot withstand of Rule 12(b)(6) motion to dismiss, it is futile.  The Court therefore denies Movants' request to amend their Answers to add an abuse of process claim against Defendant Great Lakes.

Movants' Objection does not persuade the Court otherwise. *See* (Doc. # 238.) Movants fault Magistrate Judge Neureiter for "cit[ing] to the answer to counterclaims [they] filed with [their] initial motion to amend, [(Doc. # 190-1)]," as opposed to their "amended answer to counterclaims that [they] filed with the supplemental brief on December 21, 2018, [(Doc. # 231-1)]." (Doc. # 238 at 7.) This Court did consider Movants' "amended answer" (Doc. # 231-1) in its de novo review, and, as it just explained, finds that Movants' allegations therein are insufficient to state a claim of abuse of process. Next, Movants cite to *American Guarantee and Liability Insurance Company v. King*, 97 P.3d 161, 171 (Colo. App. 2003), arguing that the facts are "similar" and that the Court of Appeals' holding weighs in favor of their request for leave to add an abuse of process claim against Defendant Great Lakes. (Doc. # 238.) Movants previously cited this case in their Reply (Doc. # 223 at 8), and Magistrate Judge Neureiter quoted it in his Recommendation (Doc. # 237 at 12). The Court is no more persuaded by *King* than the Magistrate Judge was. *King* is easily distinguished from the matter at hand.

For these reasons, the Court concludes that granting Movants leave to amend their Answers to assert an abuse of process claim against Defendant Great Lakes would be futile. It affirms the Recommendation to the extent it reached the same conclusion and rejects Movants' Objection.

**B. MALICIOUS PROSECUTION CLAIM**

"Generally, to prevail on a claim for malicious prosecution" under Colorado common law, "the following elements must be satisfied: (1) the defendant contributed to

bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (citing *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 505 (Colo. 2004); CJI–Civ. 4th 17:1 (2007)).

The second element, that "the prior action ended in favor of the plaintiff," is known as the "favorable termination" element. *See id.* "Colorado courts have consistently" recognized this element, repeatedly "defining this tort [of malicious prosecution] as requiring the favorable resolution of the prior malicious action." *Thompson*, 84 P.3d at 504 (collecting cases). The Colorado Supreme Court has observed "that a malicious prosecution claim that arises out of a main action **may not usually be brought as a counterclaim since the main action has not yet terminated** in favor of the counterclaimant." *Westfield Dev. Co. v. Rifle Inv. Assoc.*, 786 P.2d 1112, 1119 n.4 (Colo. 1990) (emphasis added) (citing *Donovan v. Gingerbread House, Inc.*, 536 F. Supp. 627, 632 (D. Colo. 1982), *rev'd on other grounds*, *Brock v. Gingerbread House, Inc.*, 907 F.2d 115 (10th Cir. 1989)). The favorable termination element is "important," the Colorado Supreme Court has explained, "because the statute of limitations begins running at the point of favorable termination, and favorable termination is a substantive element of the plaintiff's claim for malicious prosecution." *Hewitt*, 154 P.3d at 412 (citing Dan B. Dobbs, *The Law of Torts* § 436 (2000)).

The Court concludes that Movants cannot establish the favorable termination element of their proposed malicious prosecution claim. Movants seek to assert the malicious prosecution claim as a counterclaim while the main action is still pending,

despite the Colorado Supreme Court's pronouncement that "a malicious prosecution claim that arises out of a main action may not usually be brought as a counterclaim since **the main action has not yet terminated** in favor of the counterclaimant." *Westfield Dev. Co.*, 786 P.2d at 1119 n.4 (emphasis added). Movants cursorily argue that they can satisfy the favorable termination element because Defendant Great Lakes's COCCA and RICO claims were dismissed. (Doc. # 190 at 12.) However, the "main action" has not yet been terminated in their favor. Defendant Great Lakes's claims for fraud, civil conspiracy, civil theft, and declaratory judgment against Movants (and Third-Party Defendant Shalz) remain, *see* (Doc. # 234 at 2); the Court explicitly denied Movants' Motions to Dismiss as to these claims (Doc. # 174 at 3).

Though there is little, if any, authority from Colorado courts directly addressing whether dismissal of a single claim within a larger action satisfies the favorable termination requirement, the Court is persuaded by the opinions of various Colorado courts that the favorable termination element is concerned with **the action as a whole**—not just the termination of a single claim. In virtually every case this Court has reviewed, the Colorado Court of Appeals or the Colorado Supreme Court spoke of the determination of the prior "legal proceeding" or the "prior action." *See, e.g.*, *Lounder v. Jacobs*, 205 P.2d 236, 239 (Colo. 1949) ("On the matter of termination in favor of the plaintiff, all that is required is that there be an end to **the particular proceeding** favorable to plaintiff" (emphasis added)); *Walford v. Blinder, Robinson, & Co., Inc.*, 793 P.2d 620, 623 (Colo. App. 1990) ("a plaintiff must prove . . . that **the proceeding** was resolved in favor of plaintiff" (emphasis added); *Sancetta v. Apollo Stereo Music Co.*,

16

*Inc.*, 616 P.2d 182, 183 (Colo. App. 1980) ("the burden is on plaintiff to prove . . . (2) that **the prior action** ended in favor of plaintiff . . . ." (emphasis added)); *Bill Dreiling Motor Co. v. Herlein*, 543 P.2d 1283, 1285 (Colo. App. 1975) ("In order to succeed in an action for malicious prosecution, [the plaintiff] must allege and prove the institutional of a **legal proceeding** by [the defendant] against [the plaintiff], determination of **the matter** in favor of [the plaintiff]. . . ." (emphases added)).

That the favorable termination element requires termination of the main action, not just a single claim, is consistent with the purposes of the cause of action. These purposes are:

> to recompense a defendant sued in a malicious and baseless legal action for: (1) his attorney fees; (2) his costs; (3) his psychic damage from the shock of the unfounded allegations in the pleadings; and (4) the loss of his reputation in the community as a result of the filing and notoriety of the base allegations in the pleadings which are public records.

*Walford*, 793 P.2d at 623 (quoting *Stanley v. Superior Court*, 181 Cal. Rptr. 878 (1982)). "Thus, the focus on the inquiry on whether a particular proceeding may support a malicious prosecution action is whether it caused the kind of damages that the latter action is designed to redress." *Id.* It is unclear to Court how Movants expect it to assess damages caused by Defendant Great Lakes's counterclaims against them prior to the resolution of the entire action.

For these reasons, the Court agrees with Magistrate Judge Neureiter that "the favorable termination element refers not just to a single, discrete claim among many, but to the 'action' as a whole." (Doc. # 237.) Movants are unable to satisfy this element, as the main action is still pending. Their proposed claim of malicious

17

prosecution is therefore subject to dismissal pursuant to Rule 12(b)(6), and allowing them leave to amend their Answers and asset this claim is futile. The Court denies Movants' request to amend their Answers to add a malicious prosecution claim against Defendant Great Lakes.

Movants' Objection merely reprises the argument they made to Magistrate Judge Neureiter—that the Colorado Court of Appeals' decision in *Eiteljorg v. Bogner*, 502 P.2d 970 (Colo. App. 1972), recognizes that a claim for malicious prosecution can be asserted as a counterclaim. (Doc. # 238 at 5–6); *see* (Doc. # 231 at 5). Magistrate Judge Neureiter was well apprised on *Eiteljorg* and thoroughly distinguished it from this case in his Recommendation. (Doc. # 237 at 8.) The Court agrees with the Magistrate Judge that *Eiteljorg* "is a weak basis on which to ignore *Hewitt*'s direction that the underlying action must have terminated favorably before bringing a malicious prosecution claim." (*Id.*)

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS AND ADOPTS the January 9, 2019 Recommendation of Magistrate Judge Neureiter (Doc. # 237). It is

FURTHER ORDERED that Movants' Joint Motion to Amend Answer to Add Counterclaims Against Defendants (Doc. # 190) is DENIED.

DATED: September 25, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge